IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR.NO. 2:19-CR-00117-RAH-SRW |
| | ) | |
| LEVI JR CALHOUN, III | ) | |

## PLEA AGREEMENT

## I. BACKGROUND INFORMATION

### A.   Attorneys

Defense Attorney:                    William R. Blanchard, Jr.

Assistant United States Attorney:    Eric M. Counts

### B.   Count and Statute Charged

Count 1:    Title 18, United States Code, Section 844(e) – Making Threats by Mail or Telephone

Count 2:    Title 18, United States Code, Section 1038 – Conveying False Information

### C.   Count Pleading Pursuant to Plea Agreement

Count 1:    18 U.S.C. § 844(e)

Count 2:    18 U.S.C. § 1038

### D.   Statutory Penalties

Count 1:    18 U.S.C. § 844(e)

A term of imprisonment of not more than 10 years, a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

Count 2:    18 U.S.C. § 1038

A term of imprisonment of not more than 5 years, a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and

imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

**E.    Elements of the Offense**

Count 1:                18 U.S.C. § 844(e):

First:         The defendant made, or caused to be made a threat to [kill, injure, or intimidate any individual] [unlawfully damage or destroy a building, vehicle, or other real or personal property] by means of [fire] [an explosive]; and

Second:        The defendant used, or caused to be used, an instrument of commerce such as the internet to communicate the threat; and

Third:         The defendant acted knowingly and willfully.

Count 2:                18 U.S.C. § 1038

First:         The defendant intentionally conveys false and misleading information;

Second:        Under circumstances where such information (school shooting) may reasonably be believed, and,

Third:         Where such information indicates that an activity has taken, is taking, or will take place.

## II.  INTRODUCTION

Eric M. Counts, Assistant United States Attorney, and William R. Blanchard, Jr., attorney for the defendant, Levi JR Calhoun III, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement.  The terms are as follows.

## III.  THE GOVERNMENT'S PROVISIONS

1.      Pursuant to Rule 11(c)(1)(B), the government agrees to recommend a sentence of no greater than the bottom, that is, the lowest number, of the advisory Guidelines range, as calculated by the Court at the sentencing hearing.

2.      The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government

to avoid preparing for trial and allowing the government and the Court to allocate resources efficiently. Provided the defendant otherwise qualifies, and that the defendant does not, before the date of the sentencing hearing, either personally or through the actions of the defense attorney on behalf of the defendant, take any action inconsistent with the acceptance of responsibility, the government will move at or before the sentencing hearing for a further reduction of one level. See U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for a reduction pursuant to § 3E1.1(b) is at the sole discretion of the government. Further, the government reserves the right to oppose the defendant's receiving a two-level reduction pursuant to § 3E1.1(a) should the government receive information indicating that, between the date of the plea hearing and the date of the sentencing hearing, the defendant, either personally or through the actions of the defense attorney on behalf of the defendant, has acted inconsistent with the acceptance of responsibility.

3.      Pursuant to Rule 11(c)(1)(A), the government further agrees that it will not bring any additional charges against the defendant for the conduct described in the Indictment.

## IV.  THE DEFENDANT'S PROVISIONS

4.      The defendant agrees to plead guilty to Counts 1 and 2 and to make factual admissions of guilt in open court. The defendant further agrees to waive any right the defendant may have to subsequently withdraw the guilty plea pursuant to Rule 11(d). The defendant also promises to refrain from taking any action inconsistent with the defendant's acceptance of responsibility for the offense to which the defendant is pleading guilty.

5.      The defendant reserves the right to request a downward variance, that is, a sentence below the bottom, that is, the lowest number, of the advisory Guidelines range.

3

6. The defendant acknowledges that the defendant will not be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(B). The defendant also understands that the defendant will be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

7. The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable. The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

8. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate. The defendant also agrees that the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

9. To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee,

4

or third party. Further, the defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

10.     The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

11.     The defendant agrees to pay the $100 assessment fee on each count on the date of sentencing.

12.     The defendant agrees to waive and hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, see 5 U.S.C. § 552, or the Privacy Act of 1974, see 5 U.S.C. § 552a.

## V. FACTUAL BASIS

13.     The defendant admits the allegations charged in the Indictment and understands that the nature of the charges to which the plea is offered involves proof as to Counts 1 and 2. Specifically, the defendant admits the following to be true and correct:

a.     the defendant, by means and use of an instrument of commerce, to wit: the internet, maliciously conveyed information knowing same to be false, concerning an alleged

5

attempt being made to destroy buildings, Eufaula City and Quitman County Schools Georgia, by means of an explosive device.

           b.      the defendant, intentionally conveyed false and misleading information, in a series of social media posts threatening that an individual would attack one or more Eufaula, Alabama and Quitman County, Georgia schools with firearms, under circumstances where such information may reasonably have been believed and indicated that an activity would take place.

## VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

        14.      Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

        15.      In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII. BREACH OF THE PLEA AGREEMENT

        16.      The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except as set forth in paragraph 18. The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the

party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

17.     The parties agree that, a breach of the plea agreement by the defendant would include, but not be limited to: (1) failing to fulfill each of the defendant's obligations under this plea agreement; (2) committing new criminal conduct; or (3) seeking to withdraw the guilty plea or otherwise engaging in conduct inconsistent with an acceptance of responsibility.  Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant will be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

18.     The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

19.     The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers.  The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant

7

will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

## VIII. THE DEFENDANT'S ACKNOWLEDGEMENTS

20.     The defendant acknowledges that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney or the government.

21.     The defendant acknowledges that the defendant authorized and consented to the negotiations between the government and the attorney for the defendant that led to this agreement.

22.     The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in the Indictment or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

23.     The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial;

(3) the right to be represented by counsel—and if necessary to have the Court appoint counsel—at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

24.     The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

25.     The defendant confirms that the entirety of any agreement between the defendant and the government is as set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement. This agreement consists of 11 pages and 30 paragraphs and an addendum.

26.     The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea. The defendant is satisfied with such representation.

27.     The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

9

28.     The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

## IX.  THE ATTORNEYS' ACKNOWLEDGEMENTS

29.     The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

30.     The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

This _____ day of _____, 2020.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

Verne H. Speirs
Criminal Chief

Eric M. Counts
Assistant United States Attorney

Levi JR Calhoun, III
Defendant

William R. Blanchard, Jr.
Attorney for the Defendant

11